No. 489
HEACOCK v. BYERS
Ohio Appeals, 2nd Dist., Franklin County
No. 1097. Decided June 23, 1924

748. MARRIAGE PROMISE—1. In an action for breach of, an allegation in the petition of sexual relations between the parties is im-

proper, as it tends to aggravate damages, and it is error, on motion, to refuse to strike it out.

2. Evidence of such sexual relations is admissible if limited to the question whether a contract existed.

BY THE COURT:          Epitomized Opinion
Published Only in Ohio Law Abstract

Original action for breach of marriage contract wherein Delta M. Beyers was plaintiff and Preston W. Heacock was defendant. The petition alleged that in contemplation of a subsequent marriage the parties indulged in sexual relations with each other during a period of five years. Defendant filed a motion for non-suit on the ground of this allegation or in lieu of that, that the allegation be struck out of the petition. The motion was overruled. At the trial evidence of such sexual relationship was introduced. The court charged the jury that this evidence might be considered for the purpose of reflecting upon the question as to whether a marriage contract actually existed and that it should be disregarded as an element of damages. The jury rendered a verdict for plaintiff for $10,000 and this amount was reduced by remittur to $3,000, for which judgment was entered. Heacock prosecuted error. Held by the Court of Appeals:

The motion for non-suit was properly overruled for the reason that the action for breach of promise as to legitimate damages would not be overthrown because of the sexual relationship which might have existed. The motion to strike out the allegation should have been sustained because while seduction may be alleged and proven, in a breach of promise suit, in aggravation of damages, the averments in the petition did not make out a case of seduction, and the law does not favor illicit relations and would not countenance the allegation and proof thereof as an aggravation of damages. But the failure to strike out the allegation depends upon its effect at the trial.

Evidence of relationship was properly admitted in corroboration of plaintiff's testimony as to the marriage contract. The charge of the court as to this evidence rendered the objectionable averments in the petition non-prejudicial so far as the court could do so at that stage of the case. But since the objectionable averments were carried along in the case down to the charge of the court, the original verdict must have been based upon bias and prejudice to a considerable extent. The remittur, though proper, did not cure the error and the trial court should have granted a new trial. Judgment reversed.

Attorneys—W. H. Jones, for Heacock; Robert J. Beatty, Perry A. Roach and T. B. Mateer, for Byers; all of Columbus.

THE OHIO SUPREME COURT
(Continued from Page 485)

The question involved in the case was largely one of fact as to the soundness of the testator's mind, and a single question of law was presented. The plaintiff asked to have a reversal of the case claiming that it was warranted under 11364 GC. governing the reversal of judgment in proceeding in error in civil cases.

She also claimed that she was deprived of substantial right to a jury trial case, as the trial court excluded from the jury evidence which it is claimed would have impeached one witness, but the Court of Appeals held that the evidence excluded would not have justified a verdict setting aside the will or codicil.

Attorneys — Scott & Bissell, Cleveland, Gibling & Gibling, Painesville, for Howell; Alvord & Blakely, and Judge C. H. Nye, Painesville, for Hartwell et.

# JULY DIGEST
## LAST MONTH'S CUMULATIVE DIGEST JULY, 1924

## TABLE OF CASES
Published in the Weekly Issues of the Abstract for July, 1924

### FEDERAL COURTS
#### U. S. Court of Appeals
Clev. & W. Coal Co. v. Coal Co., 2 Abs. 450.
Emmich v. U. S., 2 Abs. 467.
Silver Co. v. Trade Com., 2 Abs. 467.

#### U. S. District Court
Ambler Realty Co. v. Euclid, 2 Abs. 451.
Cabot, In re, 2 Abs. 456.
Bi-Products Recov. Co. v. Mabee, 2 Abs. 434.
Wells, In re, 2 Abs. 467.

### STATE COURTS
#### Ohio Supreme Court
DeGroot v. Skrbina, 2 Abs. 438.
Deshler et v. No. W. Light Co., 2 Abs. 453.
Findlay (City) v. P. U. C., 2 Abs. 437.
Floyd, Aud., v. Man. L. & H. Co., 2 Abs. 440.
Gt. Am. Indem. Co. v. Jones, 2 Abs. 439.
Hecker, Insp., v. State ex, 2 Abs. 439.
Irvine, Ad., v. Erie Rd. Co., 2 Abs. 453.
Kinsey v. Ahrens, 2 Abs. 439.
Knott v. Moore-Lamb Co., 2 Abs. 440.
Maxfield v. C. D. & T. Trac. Co., 2 Abs. 439.
Missouri Inst. v. Ahrens, 2 Abs. 439.
Phelps v. Ohio Bell Co., 2 Abs. 438.
Smith v. Davidson, 2 Abs. 453.
State ex v. Munic. Loan Co., 2 Abs. 440.
State ex v. Wolfert, 2 Abs. 452.
Tax Com. v. Nat. Mal. C. Co., 2 Abs. 440.
Union News Co. v. Freeborn, 2 Abs. 438.

#### Supreme Court Pending Cases
Brockman v. State, 2 Abs. 447.
DeMarco v. Pappas, 2 Abs. 441.
Hatcher v. Coal Co., 2 Abs. 440.
Md. Mot. Car Ins. Co. v. Meister, 2 Abs. 442.
Neffle v. C. S. Brewing Co. 2 Abs. 469.
State v. Weed. 2 Abs. 469.
State ex v. Wolfert, 2 Abs. 454.
Tax Com. v. Nat. Mal. Cast. Co., 2 Abs. 454.
Weirton Steel Co. v. 1st Nat. Bnk. 2 Abs. 469.